1:09 Pm

1  Jesse Edward Rivas
   CDCR Number J-90853
2  Kern Valley State Prison
   Post Office Box 5103
3  Delano, CA. 93216-5103

**FILED**

**NOV 1 5 2007**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

**OCT 2 3 2007**

CENTRAL DISTRICT OF CALIFORNIA
BY

2254    1983

FILING FEE PAID
Yes        No

IFP MOTION FILED
Yes        No

COPIES SENT TO
Court    ProSe

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

'07 CV 2196 JM ... BLM

CV07-6865 GAF (JTL)

10  Jesse Edward Rivas,              CASE No. D 028430

11              Petitioner,

12          vs.                      EX-PARTE MOTION FOR
                                     APPOINTMENT OF COUNSEL
13

14  A. Hedgpeth,

15              Respondent.          DOCKETED ON CM

16                                   OCT 29 2007

17                                   BY            057

18  TO THE ABOVE ENTITLED COURT.

19  Comes now the petitioner in the above entitled action with

20  this motion for the appointment of counsel to assist the

21  petitioner in further litigation of this action.

22

23  petitioner's motion is based on the following facts and the

24  particular authorities cited herein after, as well as the

25  exhibits and transcripts currently on the file in this

26  matter. Petitiner's motion is additionally based on the

27  attached declaration, exhibits, and argument.

28

-1-

## MEMORANDUM OF POINT AND AUTHORITIES

### INTRODUCTION PETITIONER SEEKING TO
### WITHDRAW HIS PLEA OF NOLO CONTENDRE

Petitioner seeks permission to withdraw his plea of nolo contendre. In accepting the ple, petitioner followed the advice of his counsel, KARSTEN BOONE. Petitioner contends that both counsel's advise and performance fell below an objective standard of reasonableness and by counsel's error he would not have plead guilty and would have insisted on going to trial. Procedurally a plea of nolo contendre is treated like a plea of guilty. California Penal Code §101(3).

Although the court loses it's statutory authority to permit a defendant to withdraw his guilty plea after judgment is entered both a motion to vacate and petition in nature of Coram Bobis, and Habeas Corpus, raising constitutional issues may be considered by the court. (People v. Stansworth, (1974) 11 Cal.3d 588), therefore this petition for writ of habeas corpus is the appropiate vehicle for petition to use to seek permission to withdraw his plea of nolo contendre.

### ARGUMENT I.

The cumulative effect of trial counsel's failure to adequately investigate constitutes ineffective assistance of counsel which rendered petitioner's plea of nolo contendre unknowing and involuntarily made. Every person accused of a crime is entitled

1 to constitutionally adequate legal assistance consisting of the

2 service of a reasonably competent attorney acting as a diligent

3 conscientious advocate, (People v. Pope (1979) 23 Cal. 412, 427;

4 15 Cal. Rptr. 732.) The right to adequate assistance of counsel

5 is grounded in the United States Constitution, Sixth Amendment,

6 and Article I, § 15, of the California Constitution, (People

7 v. Nation (1980) 26 Cal. 3d 169, 178; 161 Cal. Rptr. 299.)

8

9 The pleading and plea bargain stage of a criminal proceeding

10 is a critical stage in the criminal process at which a defendant

11 is entitled to effective assistance of counsel guaranteed by

12 the Federal and State Constitution. (In re Alvernaz (1992) 2

13 Cal. 4th 924, 927; 8 Cal. Rptr. 2d 713; Hill v. Lockhart (1985)

14 474 U.S. 52; 106 S.Ct. 366; 88 L.Ed. 2d 203.)

15

16 It is well settled that where ineffective assistance of counsel

17 results in the defendants decision to plea guilty, the defendant

18 has suffered the constitutional violation giving rise to a claim

19 for relief from the guilty plea, (Id. 2 Cal. 4th @ 934.)

20

21 The United States Supreme Court in Lockhart, supra held that

22 the two part (Strickland v. Washington (1984) 466 U.S. 668, 667;

23 106 S.Ct. 2052; 80 L.Ed. 2d 674) test applies to challenges of

24 counsel. The Lockhart court found in the plea bargaining context,

25 a petitioner seeking to establish ineffective assistance of

26 counsel must demonstrate that:

27

(1) Counsel's advice and performance fell below an objective standard of reasonableness; and

(2) The petitioner must show that there is a reasonable probability that but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. (Id. 474 U.S. @ 59.)

The Lockhart court further explained that in many guilty plea cases the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenge to convictions obtained through a trial for example where the alleged errors of counsel is a failure to investigate or discover potentially exculpatory evidence. The determination whether the error prejudiced the defendant by causing him to plea guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea (Id.)

In the instant case, Petitioner submits counsels performance fell below an objective standard of reasonableness when counsel failed to investigate facts, which any attorney acting as diligent conscientious advocate would have performed. Petitioner further submits that had counsel investigated these facts there is a reasonable likely hood that counsel would have recommended pleading not guilty and going to trial.

-5-

1  transcripts currently on file in this additionally based on the

2  attached declaration, Exhibits, and argument.

3

4

5    The cumulative effect of trial counsel failure to adequately

6  investigate by the constitute's inefective assistance of counsel

7  which is rendered, Petitioner's plea of no contender unknowing and

8  unvoluntarily made, but with all due respect, every person that is

9  accused of a crime is entitled to constitutionally adequate legal

10  assistance consisting of the service a reasonably competent by the

11  Attorney acting as a diligent conscientious advocate, People v.

12  Pope, (1979) 23 Cal.3d 412, 427 [590 P.2d 859, 15 Cal.Rptr. 732].

13

14    The right to adequate assistance of counsel is ground in the

15  United States Constitution by the Sixth Amendment and Article I,

16  section 15 of the California Constitution, People v. Nation,

17  (1980) 26 Cal.3d 169, 178 [604 P.2d 1051, 161 Cal.Rptr. 299].

18

19    The pleading and plea bargain stage of a criminal proceeding is

20  a critical stage in the criminal process at which the defendant is

21  entitled to the effective assistance of a counsel to guaranteed by

22  the Federal and the State of California Constitution, In re

23  Alvernaz, (1992) 2 Cal.4th 924, 972 [80 P.3d 747, 8 Cal.Rptr.2d

24  713], see also Hill v. Lockhart, (1985) 474 US 52, 88 L.Ed 2d 203,

25  106 S.Ct 366.

26

27    It is well settled that where ineffective assistance of counsel

28  result in the defendant decision to plea guilty, the defendant has

1  right to Counsel to be assigned to assist in pursuing his claim

2  of constitutional violations before the Courts, rather the

3  questions of whether or not to assign a Counsel to the rest's in

4  the discretion of the court, and such discretion requires that

5  Counsel be appointed at least in some case (see United States v.

6  Wilkens, 338 F.2d 404) to his or her client, should always

7  included effort to secure information in the prosecution and law

8  enforcement authorities. The duty to investigate exist regardless

9  of the accused's admissions or statement to the lawyer of the

10  facts constitution guilt, ( Id., at 1255 quoting [A.B.A. standard

11  4-4. 2d Ed., further A.B.A. standard 4-4(a) states: As soon as

12  practicable the Lawyer should seek to determine all relevant

13  facts known to the accused. In doing so, the Lawyer should probe

14  for all legally relevant information without seeking to

15  influence's the client's responses. An doing so adequate that

16  cannot be framed if the Lawyer does not know what is likely to be

17  develope at trial. In criminal litigation, as in other matter .

18  information is the key guide to discussions and actions the

19  lawyer who is ignorant of the facts of the case cannot serve the

20  client effectively. In the instant case Petitioner submits

21  Counsel performance fell below an objective standard on reasona-

22  -bleness when Counsel failed to investigate the facts, which any

23  Attorney acting as diligent-conscientious advocate would have

24  performed, Petitioner further submit that had Counsel investigated

25  these facts there is a reasonable likely-hood that Counsel would

26  have recommended pleading not guilty and allow the Petitioner to

27  have a fair trial. Based on the following facts and the particular

28  authorities cited herein after, as well as the Exhibits and

1  relief from the guilty plea, (Id., 2 Cal.4th at p. 934) also see

2  Hill v. Lockhart, supra, The United States Supreme Court in Hill

3  v. Lockhart, supra; Held that the two-part,(Strickland v

4  Washington, (1984) 466 US 668, 667-88, 694, 80 L.Ed 2d 674, 106

5  S.Ct 2052) test applies to challenges of counsel, which the Hill

6  Court found. A third edition was publish in the instant case due

7  to the incarceration, however the Blodgett Court opened that the

8  Third edition, is not significantly different from the second

9  edition, (Id., at 1254 and the (ABA)), state's the duty as

10 follow's: It's the duty of the Lawyer to conduct an a examination

11 of the circumstance's of the case and to explore all avenue's that

12 will do leading to the fact's, relevant to the merit's of the case

13 and the penalty in the event of a conviction.

14

15  The investigation should always included the effort to secure

16 the information in the prosecution and Law Authorities. The duty

17 to investigate exist regardless of accusation admission or

18 statement to the Lawyer of the fact's a constitution guilt. The

19 Blodgett Court also discussed an objection norn of Attorney

20 performance under prevalling professional standard, at the time of

21 the case, using by the United States of America Constitution Bar

22 association (A.B.A.) standard's for criminal justice (2nd Ed. (19

23 80). A third edition, which was published in the instant case due

24 to the incarceration however the Blodgett Court opened that the

25 edition is not significantly different from the second edition,

26 People v. Pope, (1979) 23 Cal.3d 412, 427, [590 P.2d 859, 15 Cal.

27 Rptr. 732].

28

1  The right to adequate assistance of counsel is grounded in the

2  United States Constitution by the Sixth Amendment and (Article

3  v. Nation (1980) 26 Cal. 3d 169, 178; 161 Cal. Rptr. 299.)

4

5  The numerous and substantial errors in this case warrants granting

6  of the petition for writ of habeas corpus, since petitioner was

7  deprived of the constitutional rights by the cumulative effect

8  of all the deprived errors state that might not be prejudicial

9  as the amount to deprivation of due process when setting that's

10  a fundamentally unfair.

11

12  (Cooper v. Showalter 837 F.2d 284 (6th Cir 1988); Lincoln v.

13  Sunn 807 F.2d 805 (9th Cir 1987); Mazies v. Prounier 743 F.2d

14  281.)

15

16  In this case at hand, the petitioner was denied the Sixth and

17  Fourteenth Amendment right's by due process and a fair trial,

18  based on a relevant prejudicial evidence, and effective assistance

19  of trial counsel for his conviction should be reversed.

20

21  The Blodgett case set out an ideal model of counsel's duties

22  regarding investigation is the defendant's rights to reasonable

23  competent counsel the principle is so fundamental that the failure

24  to conduct a reasonable pretrial investigation may in itself

25  amount to ineffective assistance of counsel, (Blodgett, supra.

26  @ 1255, quoting United States v. Tucker (9th Cir. 1983) 716 F.2d

27  576, 583 n. 16.)

28

## (A) TRIAL COUNSEL FAILED TO ADEQUATELY INVESTIGATE

Before counsel undertakes to act, or not to act, counsel must make a rational and informed decision on strategy tactics founded upon adequate investigation and preparation, (In re Fields, (1990) 51 Cal.3d 1063, 1069; 257 Cal.Rptr. 384; People v. Ledesma, (1987) 43 Cal.3d 171, 215; 23 Cal.Rptr. 404). The client's initial insistence on one defense and opposition to all other does not excuse counsel from under taking sufficient investigation of possible defenses to enable counsel to present an informal report and recommendation to his client, (People v. Mozingo, (1983) 34 Cal.3d 926, 934; 196 Cal.Rptr. 212). Even if counsel has legitimate tactical reasons for introducing no evidence his performance, is still inadequate if evidence supporting a potentially meritorious defense remains unexplore. (Id.).

In the instant case there is no evidence that Detective ALFRED RUSHING did any type of investigation at all there are no notes pertaining to counsels' himself nor is there an indication that he employed the service of a private investigator.

In Harris by through Ramseyer v. Wood, (9th Cir. 1995) 64 F.3d 1432, the Ninth Circuit Court of Appeals upheld the findings of the District Court concerning counsels' failure to adequately investigate in Harris by and through Ramseyer v. Blogett, (W.D. Wash. 1994) F.Supp. 1239, 1255-56; People

1  The right's to adequate assistance of counsel is grounded in

2  the United States Constitution by the Sith Amendment and Article

3  I, section 15, California Constitution, People v. Nation, (1980)

4  26 Cal.3d 169, 178, [604 P.2d 1051, 161 Cal.Rptr. 299].

5

6  The numerous and substantial errors in this case warrants

7  granting of the petition for writ of habeas corpus, since the

8  Petitioner was deprived of the constitutional right's by the

9  cumulative effect of all the deprived error's state that might

10  not be prejudicial as the amount to deprivation of due process

11  when setting that's a fundamentally unfair, Cooper v. Showalter,

12  (6th Cir. 1988) 837 F.2d 284, Lincoln v. Sunn, (9th Cir. 1987)

13  807 F.2d 805, and Mazies v. Prounier, 743 F.2d 281.

14

15  In this case at hand's, the Petitioner was denied his Sixth

16  and Fourteenth Amendment rights by due process and a fair trial,

17  based on a relevant prejudicial evidence, and the effective

18  assistance of a trial counsel, therefore his conviction should be

19  reversed.

20

21  The appointment or assignment of counsel, (see Taylor v.

22  Pegelon, 335 F.2d 147). Moreover at least one Federal Court has

23  viewed in the context of civil action that, unless the Petition

24  could be summary dismissed an attorney should be assigned to the

25  impouerish Layman prisoner, ( see Cullings v. Crouse, 348 F.2d

26  887).

27

28  In Petitioner case as the facts state in the motion for counsel

1 The Blodgett court also discussed an objection standard of
2 attorney performance under prevailing professional norm, at the
3 time of the case using the American Bar Associations (ABA)
4 standards for criminal justice (2d Edition 1980). A third edition
5 which was published in the instant case due to incarceration
6 however the Blodgett court opened that the third edition is not
7 significantly different from the second edition (Id. @ 1254.)
8 The ABA states the duty as follows:

10    It is the duty of the lawyer to conduct a examination of the
11    circumstances of the case and to explore all avenues leading
12    to facts relevant to the merits of the case and penalty in
13    the event of conviction. The investigation should always
14    include effort to secure information in the prosecution and
15    law enforcement authorities.

17 The duty to investigate exists regardless of the accused
18 admissions or statement to the lawyers of facts constituting
19 guilt. (Id. at 1255, quoting ABA standard 4-4.1 2d Ed.) Further
20 ABA standard 4-3.2(a) states:

21    As soon as practicable, the lawyer should seek to determine
22    all relevant facts known to the accused. In doing so the lawyer
23    should probe for all legally relevant information without
24    seeking to influence the client's responses.

26 The commentary to this standard states:

Rivas sentence accordingly. (People v. Anderson, supra, 70 Cal.2d at 23;
People v. Rowland, supra, 134 Cal.App.3d at 10).


## II

### THE PROSECUTOR MISSTATED THE
### LAW REGARDING THE PROSECUTION'S
### BURDEN OF PROOF BEYOND A
### REASONABLE DOUBT, EFFECTIVELY
### REDUCING THE BURDEN OF PROOF

During Rivas closing argument, the prosecutor attempted to explain the
concept of "reasonable doubt." After reading the second paragraph of
CALJIC 2.90, she elaborated as follows:

> That's what reasonable doubt is. It is not any doubt. It is not
> possible doubt, because you could convict and still have doubt.
> It is that doubt is reasonable, that you don't feel an abiding
> conviction for the truth. It is a gut feeling, using your common
> sense. It is evaluating all the evidence. Is it possible? Of course
> it is possible. But is it reasonable? Because you all have been
> selected as jurors because you are reasonable people. The
> standard is not the action of a person in the defendant's shoes.
> It is not whether the defendant acted reasonably based on his
> lifestyle, his own lifestyle. It is a reasonable person standard.
> That's you guys. And were the actions that the defendant did on
> October 9, 1995, reasonable? Reasonable? I ask you
> throughout the course of closing arguments to keep focused on
> what is reasonable, not possible, reasonable. (3RT 557).

The prosecutor's attempt to explain the concept of reasonable doubt
diluted the constitutional standard of proof beyond a reasonable doubt
and impermissibly told the jury they could convict based on lesser proof.
The prosecutor's misstatement of the law on this critical issue requires reversal

1  A prosecutor engages in misconduct when he or she uses "deceptive or
2  reprehensible methods to attempt to persuade either the court or the
3  jury" ( People V. Strickland (1974) 11 Cal.3d 946, 955) or engages
4  in a pattern of conduct which renders the trial fundamentally unfair.
5  (People V. Hill (1998) 17 Cal.4th 800, 819). It is not necessary to
6  show the prosecutor acted intentionally or in bad faith. (Id. at 822-
7  823; People V. Bolton (1979) 23 Cal.3d. 208, 213-214). It is misconduct
8  for a prosecutor to misstate the law, especially as it relates to the
9  prosecution's burden of providing guilt beyond a reasonable doubt.
10  (Id. at 829-830; People V. Nguyen (1995) 40 Cal.App.4th 28, 35-36).

11       The Due Peocess Clause of the Fourteenth Amendment to the United
12  States Constitution "Protects a defendant in a criminal case against
13  conviction" except on proof beyond a reasonable doubt of every fact
14  necessary to constitute the crime with which he is charged. "Jackson
15  V. Virginia, Supra, 443 U.S. at 315, 99S.Ct. at 2787, 61 L.Ed.2d at
16  571, quoting In re Winship (1970) 397 U.S. 358, 364, 90 S.Ct. 1068,
17  1073, 25 L.Ed.2d 368, 375). The reasonable doubt standard serves several
18  functions: it gives substance to the presumption of innocence; it
19  ensures against unjust convictions; and reduces the risk of factual
20  error in criminal cases. (Ibid.; In re Winship, supra, 397 U.S. at
21  363, 90 S.Ct. at 1072, 25 L.Ed.3d at 375). In order to find guilt beyond
22  a reasonable doubt, the trier of fact must " reach a subjective state
23  of near certitude of the guilt of the accused." (Ibid.).
24  Both Prosecurial arguments and jury instructions which dilute or
25  diminish the prosecution's burden of proof to something less than beyond
26  a reasonable doubt are improper. ( People V. Nguyen, supra, 40 Cal.
27  App.4th 28 (Nguyen) [argument]; People V. Johnson (2004) 115 Cal.App.4th
28  1169 [instruction]; People V. Garcia (1975) 54 Cal.App.3d 61 (Garcia)

1   [instruction]). In Nguyen, for example, the prosecutor suggested the

2   reasonable doubt standard is applied in everyday life, in making

3   decisions such as marrying and changing lanes while driving. (Id. at

4   36). The Court of Appeal concluded such an argument trivialized the

5   reasonable doubt standard, reducing it to the lesser preponerance of

6   the evidence standard. (Ibid.; People V. Johnson, supra, 115 Cal.App.4th

7   at 1171-1172 [disapproving similar instruction]).

8   Similarly, in Garcia, the trial court gave the following supplemental

9   instruction purporting to explain the concept of reasonable doubt:

10  In other words, reasonable doubt means just what the term implies, doubt

11  based upon reason, doubt that presents itself in the minds of reasonable

12  people who are weighing the evidence in scales, one side against the

13  other, in a logical manner other, in a logical manner in an effort to

14  determine wherein lies the truth. (Id. at 68).

15  The Court of Appeal found supplemental instruction "strikingly similar"

16  to the preponderance of the evidence standard applicable in civil cases

17  and calculated to divert the jury from its duty to find guilt unless

18  they were "reasonably persuaded to a near certainty." (Id. at 69).

19  For these reasons, the court concluded the supplemental instruction

20  impermissibly watered down the constitutional requirement of proof

21  beyond a reasonable doubt and should not have been given. (Ibid.).

22  The prosecutor's argument here has the same flaws as the argument

23  and instruction in Nguyen and Garcia. First, the prosecutor improperly

24  told the jury they could decide the case based on a "gut feeling"

25  and "common sense". (3 RT 557). By equating reasonable doubt with

26  "gut feeling" and "common sense," the prosecutor told the jury, in

27  effect , they could apply the same standard they use in making everyday

28  decisions. That standard, however, is the preponderance of the evidence

standard, not beyond a reasonable doubt: The judgment of a reasonable

man in the ordinary affairs of life, however, important, is influenced

and controlled by the preponderance of evidence. Juries are permitted

and instructed to apply the same rule to the determination of civil

actions involving rights of property only. But in the decesion of

a criminal case involving life or liberty, something further is

required. ( People V. Brannon (1883) 47 Cal. 96,97).

A decision based on "common sense" or "a gut feeling" does not meet

the high standard of near certainty required for a finding of guilt

in a criminal case.

Compounding the error, the prosecution told the jury they had been selected as jurors because they are reasonable people, and the standard to be applied is that of a reasonable person. (3 RT 557). Like the prosecutor's appeal to "common sense" and "gut feeling[s]," the invocation of the "reasonable person" standard invoked everyday decision-making not subject to the beyond-a-reasonable-doubt standard. Moreover, the prosecutor's reliance on the reasonable person standard impermissibly invited the jury to determine guilt based on whether they, as reasonable people, reasonably belived the defendant guilty-a far lower standard than beyond a reasonable doubt.

Finally, the prosecutor incorrectly told the jury that their determination of reasonable doubt was somehow connected to whether they found Rivas had acted reasonably at the time of the car jacking and kidnapping. (3 RT 557). Even assuming arguendo the reasonableness of Rivas beliefs and actions had some bearing on some issues in the case, it is not relevant to the concept of proof beyond a reasonable doubt. The prosecutor's injecting this concept into her discussion of the prosecution's burden of proof beyond a reasonable doubt could only have confused and misled the jury about their duty to find guilty to a near certainty.

The prosecutor's improper argument deprived Rivas of his right to a jury determination of guilty beyond a reasonable doubt, and thus deprived him of his rights to due process of law and jury trial. (Victor v. Nebraska (1994) 511 U.S. 1, 14-15, 114 S.Ct. 1239, 1247, 127 L.Ed.2d 583, 595-596). This type of error is a structural defect which requires reversal, because a defendant is entitled to have the jury, not a reviewing court, apply a correct reasonable doubt standard in determining the issue of guilt. (Sullivan v. Louisiana (1993) 508 U.S. 275, 281-282

1    113 S.Ct. 2078, 2081, 124 L.Ed.2d 182, 189).

2         Alternatively, reversal is required unless the state can prove beyond

3    a reasonable doubt that the error did not contribute to the verdict.

4    (Chapman v California (1967) 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.

5    2d 705, People v. Bolto, supra, 23 Cal.3d 214-215, fn. 4). The prosecution

6    cannot meet that burden in this case. The jury convicted Rivas of

7    carjacking and kidnapping, but as discussed in section I, above, the

8    evidence was not sufficient to support this finding beyond a reasonable

9    doubt. The prosecutor's dilution of the burden of proof surely

10   contributed to the jury's finding based on insufficient evidence. In

11   addition, the jury instruction correctly defining beyond a reasonable

12   doubt (CALJIC 2.90; CT 150) did not cure the harm cause by the improper

13   argument. The prosecutor's argument purported to "explain" the court's

14   instruction, and the jurors had no reason to believe the prosecutor's

15   characterization of "reasonable doubt" was inconsistent with the court's

16   instruction. For this reason, the prosecutor's misstatement of the law

17   regarding proof beyond a reasonable doubt cannot be deemed harmless

18   beyond a reasonable doubt.

19        As a general rule, claims of prosecutorial misconduct may not be

20   raised on appeal, unless the defendant has made a timely objection and

21   requested the jury be admonished. (People v. Hill, supra, 17 Cal.4th at

22   820). However, the issue is not forfeited if an objection would have

23   been futile, or an admonition would not have been effective to cure the

24   harm caused by the misconduct. (Ibid.).

25        Here Rivas attorney did not object to the prosecutor's misstatements

26   of law regarding the concept of reasonable doubt. (3 RT 557). However, it

27   is unlikely an admonition to the jury would have been effective to cure

28   the harm. At most, the trial court likely would have directed the jurors

to be guided by the court's instructions, specifically, CALJIC 2.90. However, the prosecutor's argument purported to explain the instruction's definition of reasonable doubt, and the jurors, as lay persons, could not reasonably be expected to know the argument was inconsistent with the law as stated in the court's instructions. For these reasons, a simple admonition to follow thw court's instructions would not be effective in preventing the jury from applying the prosecutor's misstatements of law in determining whether the prosecution had sustained its burden of proving Rivas guilty beyond a reasonable doubt.

If, arguendo, an objection and request for admonition were required to preserve the issue of prosecutorial misconduct, Rivas attorney's failure to object and request an admonition deprived him of the effective assistance of counsel.

A criminal defendant's right to the effective assistance of counsel is based upon the constitutional right to counsel, guaranteed by the Sixth Amendment to the United States Constitution and by Article I, section 15 of the California Constitution. (People v. Pope (1979) 23 Cal.3d 412, 422 disapproved on other grounds in People v. Berryman (1993) 6 Cal.4th 1048, 1081, fn. 10). Effective assistance of counsel requires that the attorney act "in a manner to be expected of reasonably competent attorney acting as diligent advocates." (Id. at 425; In re Jones (1996) 13 Cal.4th 552, 566).

To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. (People v. Scott (1997) 15 Cal.4th 1188

1  Wilson (1992) 3 Cal.4th 945,950). " A reasonable probability is a

2  probability sufficient to undermine confidence in the outcome."

3  (Strickland V. Washington (1984) 466 U.S.668,694,104 S.Ct.2052,2068,

4  80 L.Ed.2d 674; In re Jones, supra, 13 Cal.4th at 583). Where there

5  can be no satisfactory explanation for counsel's act or omission.

6  the claim of ineffective assistance of counsel may be raised on direct

7  appeal. (People V. Pope, supra, 23 Cal.3d at 426 People V. Nation

8  (1980) 26 Cal.3d 169, 179 [failure to object to suggestive pretrial

9  identification], People V.Torres (1995) 33 Cal.App.4th 37, 48 [failure

10  to object to improper opinion testimony], People V. McCary (1984)

11  166 Cal.App.3d 1,12 [failure to research inapplicable enhancement

12  before advising defendant to plead guilty]).

13  If, arguendo, counsel was required to object to the prosecutor's

14  improper argument, counsel did not meet the standard of reasonably

15  competent representation when he failed to object to it. The record

16  does not reveal counsel's reasons for the failure to object, but this

17  omission cannot **reasonab**ly be explained as a tactical decision or

18  a matter of trial strategy. The prosecution's burden of proof and

19  the requirment of proof beyond a reasonable doubt were crucial legal

20  concepts in this case, as in all criminal prosecutions. Yet defense

21  counsel inexplicably failed to object to and seek to correct the

22  prosecutor's argument diluting the burden of proof. Such an

23

24

25

26

27

28

omission can not charaterized as "an informed tactical choice WITH IN THE RANGE OF REASONABLE COMPETENCE."

(People v. Pope, supra, 23 Cal.3d at 425-426). For these reasons, counsel's failure to object to the prosecutor's improper argument deprived the defendant (Jesse Edward Rivas) of the effective an assistance of counsel.

## COUNCLUSION

For the reasons stated above, appellant Jesse Edward Rivas respectfully request's the court reverse or modify the judgment.

Dated: 8·16·07

Respectfully submitted

_Jesse Rivas_

## CERTIFICATE OF WORD'S COUNT

I certify that the length of foregoing APPELLANT'S as determined by the word count feature of my word's processing in program, is

Dated: 8·16·07 _____

_Jesse Rivas_ _____

1    MEMORANDUM OF POINTS AND AUTHORITIES

2    IN SUPPORT OF APPOINTMENT OF COUNSEL.

3    Petitioner respectfully points out that there is clearly

4  statutory authority by which this court may appoint or assign

5  counsel to assist petitioner in the further litigation of this

6  matter, (Title 28 USC § 360(a)-(g)) in some relationship to (Title

7  28 USC § 2254, also see Norris v. Wainwright, 588 F.2d 130, cert.

8  denied 444 US 846).

9

10    One consideration is that of the right of every litigant, rich

11  and poor to equal consideration before the court, (Coppedge v.

12  United States, 395 US 438, 456). Moreover, even without the

13  statutes, there has been some indication that State and Federal

14  courts in the proper situation or case may assist or appoint

15  counsel for an indigent state prisoner under the courts

16  supervisory powers and sound discretion, (McNabb v. United States,

17  318 US 332, see also the supervisory of Federal Courts 76 Harv.

18  Law Rev. 1656).

19

20    Petitioner concedes that some courts have held that counsel is

21  not necessary unless the circumstances of the particular case are

22  such that counsel would be vital to attain due process or access

23  to the Courts, ( see, Eskridge v. Rhay, 245 F.2d 778, Anderson v.

24  Heiner, 258 F.2d 778, Dillion v. United States Congress, 207 F.2d

25  447, Bound v. Smith, (1976) 430 US 817, 97 S.Ct 1491).

26

27    Petitioner is aware that the United States Supreme Court and

28  the United States Congress have never held that a litigant has a

1    access to the courts, (Eskridge v. Rhay 245 P.2d 778; Anderson

2    v. Heiner 258 F.2d 778; Dillon v. United States 207 F.2d 447;

3    Bounds v. Smith 430 U.S. 817.) Petitioner is aware that the United

4    States Supreme court, and United States Congress have never held

5    that a litigant has a right to counsel to be assigned to assist

6    him in pursuing his claim of constitutional violations before

7    the courts, rather the questions of whether or not to assign

8    counsel rest's in the discretion of the court, and such discretion

9    requires that counsel be appointed at least in some cases, (United

10    States v. Wilkens 338 F.2d 404.) Petitioner contends that there

11    are many entaglements that may be avoided by the lawyer who is

12    ignorant of the facts of the case cannot serve the client

13    effectively.

14

15    Petitioner is a state prisoner proceeding pro-se with a petition

16    for writ of habeas corpus before the court of justice. The

17    petitioner is currently incarcerated at the Kern Valley State

18    Prison.

19

20    Petitioner does not currently have a meaningful source of income

21    by which to employ the services of an attorney who would be able

22    to provide an experienced legal advice or skills that needed

23    to pursue the litigation of this case.

24

25    The petitioner is an indigent state prisoner who has only limited

26    access to legal material.

27

28

1   and the attached declaration he has demonstrated that he himself

2   cannot proceed further with the Litigation of this action without

3   at least some assistance from someone with the knowledge of the

4   applicable Law, wherefore Plaintiff request that this court

5   assign an attorney to assist him in the furtherance of pursuit of

6   this civil action.

7

8   Date: 8·16·07

9

10

11                                 Respectfully Submitted

12                                 Jesse Rivas

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  But with all due respect, this matter it should be noted that

2  the California Department of Corrections & Rehabilitation

3  does not provide for any sort of legal assistance nor does

4  the prison library provide the necessary legal books.

5

6  The petitioner has a very limited education in civil law.

7

8  Petitioner in the past and the present has been forced to

9  enlist the assistance of so called jailhouse lawyers (when

10  one is available) who are acknowledged in civil law to

11  preparing and filing the proper document currently before the

12  court of law and as well this motion for appointment of

13  counsel held me to proceed my right in the court of law.

14

15  Petitioner contends that in the interest of judicial economy

16  and in the interest of justice that this Honorable Court

17  appoint counsel to assist in this matter.

18

19  DATED:  8·16·07

20

21

22

23  _Jesse Pios_

24  Respectfully Submitted,

25

26

27

28

1   Jesse Edward Rivas
  CDCR Number J-90853
2   K.V.S.P. C-4  222
  P. O. Box 5103
3   Delano, CA. 93216

4

5                     RE: People v. Jesse Edward Rivas
                    Court of Appeals Case No. D028430

6

7 But with all due regard, to the Court of law and by the GOD
we do believe and trusted and whom it may do concern the
8 Justices of the Human-Kind constitutional rights to reveal
the truth in the court of law. I do here by humbly ask to the
9 United States District Court of the State of California and
to the Federal Supreme Court to review this Appellant
10 Petition of my behalf in the court of laws. The Petition for
review asked the court to grant a review the issues to raised
11 in the Court of Appeals.
I do would like to point out that this argument states a
12 lower standard of proof than beyond a reasonable doubt and
impermissibly diluted that the prosecution's burden of proof,
13 due to my trial atorney did not object to any comments which
I do would like to argue that any objection would not have
14 cured the harm that is caused by improper argument. The
cumulative effect of trial counsel failure to adequately
15 investigate by the constitute's ineffective assistance of
counsel which is rendered, petitioner's plea of no contender
16 unknowing and involuntarily made; but with all due respect,
every person that is acused of a crime is entitled to
17 constitutionally adequate legal assistance consisting if the
service a reasonably competent by the attorney acting as
18 diligent conscientious advocate. **People v. Pope**, (1979) 23
Cal. 412, 427, 15 Cal.Rptr. 732, 590 P.2d 859. The right to
19 adequate assistance of counsel is ground in the United States
Constitution by the Sixth Amendment and (Article I § 15) of
20 the California Constitution, **People v. Nation**, (1980) 26 Cal.
3d. 169, 178 [161 Cal.Rptr. 299, 604 P.2d 1051]. The pleading
21 and plea bargain stage of a criminal proceeding is a critical
stage in the criminal stage in the criminal process at which
22 the defendant is entitled to the effective assistance of a
counsel to guaranteed by the Federal and State of California-
23 's Constitution.

24 Thank you very much for your time and effort.

25 Dated: 8·16·07

26

27                         Respectfully Submitted.

28                         Jesse Rivas