# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE EDWARD RIVAS,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>A. HEDGPETH, Warden,<br><br>　　　　　　Respondent. | Civil No.   07-2196 JM (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING IN FORMA PAUPERIS APPLICATION; and**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On October 23, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a motion to proceed in forma pauperis in the United States District Court for the Central District of California. On November 15, 2007, the case was transferred to this district.

## **MOTION TO PROCEED IN FORMA PAUPERIS**

The request to proceed in forma pauperis is **DENIED** because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status

and because Petitioner has failed to sign the motion. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. In addition , a request to proceed in forma pauperis made by a state prisoner must be executed by the petitioner under penalty of perjury. *See* Local Rule 3.2; Rule 3(a), 28 U.S.C. foll. § 2254. Petitioner has failed to provide the Court with the required Prison Certificate and has failed to sign the motion to proceed in forma pauperis under penalty of perjury.

## **FAILURE TO USE THE PROPER FORM**

Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. *See* Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

## **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citing Picard v. Connor, 404 U.S. 270, 275 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982)). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state

court." Duncan v. Henry, 513 U.S. 364, 366 (1995) (emphasis added). Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not

1  presently entitled to federal habeas relief because he has not alleged exhaustion of state
2  court remedies.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to proceed in forma pauperis and **DISMISSES** the case without prejudice and with leave to amend. To have the case reopened, Petitioner must, **no later than February 1, 2008**: (1) provide the Court with a copy of this Order together with the $5.00 filing fee or with adequate proof that Petitioner cannot pay the $5.00 filing fee, **AND** (2) file a First Amended Petition which cures the pleading deficiencies outlined in this Order. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS FORM AND A BLANK FIRST AMENDED PETITION FORM.**

**IT IS SO ORDERED.**

DATED: November 21, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge